## St. Louis & Northeastern Railway Company, Appellant, v. Phillip Sommerland, Appellee.

1. Negligence—*when collision result of.* A collision caused by disobedience of orders is a collision caused by negligence.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. B. R. Burroughs, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

Terry & Gueltig, for appellant.

C. H. Burton, for appellee.

Mr. Justice Creighton delivered the opinion of the court.

This was a suit in case, in the Circuit Court of Madison county, by appellee against appellant, to recover for an injury sustained by appellee while riding in one of appellant's cars, as a passenger for hire. Trial by jury. Verdict and judgment in favor of appellee for $200.

Appellee had taken passage on one of appellant's cars to be carried from Carlinville to Edwardsville, and when the car had progressed to a point about four miles from Edwardsville, one of appellant's north-bound cars collided with it. The cars came together with such force as to "sweep from the floor" the dash and vestibule of one of them and to break a glass in the front vestibule and drive a trolley pole through the roof of the other, and to move the forward trucks of one of them back, about two feet. Appellee was injured, and claimed to be severely injured. Appellant contended that he was but slightly injured.

It is conceded that the collision was caused by the disobedience of orders by the motorman in charge of one of the cars, in failing to stop his car at a certain siding and wait for the other to pass. The state of the

Donelson v. East St. Louis & Suburban Ry. Co.

evidence makes a perfect case on behalf of appellee and discloses no defense on the part of appellant, except as to the extent and severity of appellee's injuries.

It is contended here that the damage given is excessive. We are of opinion that the amount of damages assessed by the jury is clearly within the limit warranted by the evidence, and that no error has intervened that has prejudiced the rights of appellant. This case falls within that class where substantial justice has been done by the verdict and judgment of the trial court. In such cases slight errors neither call for nor warrant a reversal.

The judgment of the Circuit Court is affirmed.

*Affirmed.*